IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | |
|---|---|
| REGINA THOMAS, | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | ) No.  07 C 6596 |
| | ) |
| SGT. S. ROTKOVICH #1504, OFFICERS | ) |
| J. BOTICH #4192, G. DAVROS #14505, | ) |
| R. ARROYO #14936, R. BIALOTA #15213, | ) Jury Demand |
| J. LUNA #16327, B. HALLORAN #16360, | ) |
| E. MARAS #4586, DET. BRIAN JOHNSON | ) Judge Coar |
| #20948, and THE CITY OF | ) |
| CHICAGO. | ) Magistrate Judge Schenkier |
|     Defendants. | ) |

_____

## AMENDED COMPLAINT

### COUNT I - ILLEGAL SEARCH

### JURISDICTION AND VENUE

Plaintiff, Regina Thomas, through her attorneys, Thomas Peters and Kevin Peters, states as follows:

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the

Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and resident of Chicago, Illinois.

6. Chicago police officers, Rotkovich, Botich, Davros, Arroyo, Bialota, Luna, Halloran, and Maras, and Det. Brian Johnson were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of the unknown Chicago Police officers and Det. Brian Johnson.

## THE FOURTH AMENDMENT VIOLATION

8. On March 10, 2007, Plaintiff was in her residence at 8008 S. Escanaba Ave., Chicago, IL.

9. The Defendant officers did not have a search warrant for the Plaintiff or for Plaintiff's residence on March 10, 2007.

10. The Defendant officers did not have an arrest warrant for the Plaintiff on March 10, 2007.

11.  The Defendant officers did not witness the Plaintiff breaking any city, county, state, or federal law at 8008 S. Escanaba Ave., Chicago, IL on March 10, 2007.

12.  The Defendant officers did not have consent to search the Plaintiff or her residence on March 10, 2007.

13.  On March 10, 2007, the Defendant officers forcibly and illegally entered the Plaintiff's residence.

14. The Defendant officers proceeded to verbally threaten and curse at the Plaintiff.

15.  The Defendant officers displayed their weapons and proceeded to search Plaintiff's residence while the Plaintiff protested their presence and ordered them to leave.

16.  The Defendant officers detained the Plaintiff in violation of Plaintiff's rights under the Fourth Amendment.

17.  As a direct and proximate result of the unconstitutional detention and the warrantless search of Plaintiff's home, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiff prays this Court will award her actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - STATUTORY INDEMNIFICATION

1-17. Plaintiff re-alleges paragraphs 1-17 of Counts I as paragraphs 1-17 of Count II.

18. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

19. The Defendant officers were acting under color of state law and within the scope of their employment by the City of Chicago, when they committed the acts alleged herein.

WHEREFORE, Plaintiff prays the Court will award her actual damages and costs against the City of Chicago.

                Respectfully submitted,

                S/ Kevin Peters
                THOMAS PETERS
                KEVIN PETERS
                Attorneys for Plaintiff
                407 S. Dearborn, Suite 1675
                Chicago, Illinois 60605
                312-697-0022